IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | 3:22-CR-21-16 |
| ) | |
| CARLOS ZAMORA, ) | |
| ) | |
| Defendant. ) | |

### ORDER REGARDING MR. ZAMORA'S OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT

Before the Court are two objections that Mr. Zamora raises regarding the final Presentence Investigation Report (PSR). After careful review of the PSR (ECF 2158), Mr. Zamora's objections (ECF 2181), the government's response (ECF 2190), and the Addendum to the PSR (ECF 2196), the Court overrules both of Mr. Zamora's objections, but reserves ruling on the merits of the first objection, construed as a request for variance, until the sentencing hearing.

**I.  Mr. Zamora's objection to the application of the Guidelines' rules for determining methamphetamine drug weight.**

The PSR applied the Federal Sentencing Guidelines in calculating Mr. Zamora's base offense level, including the Guidelines' rules for calculating methamphetamine drug weight. ECF 2158 at 12; *see* USSG § 2D1.1(c), 2D1.1(c) Application Note 8(B). Mr. Zamora objects to this calculation, arguing that the statutorily required "methamphetamine guidelines are entitled to less deference than those guidelines [determined by] the Sentencing Commission. . ., result in sentences greater than necessary to achieve sentencing objectives[,] and are not based on empirical data and national experience but statutory directives," citing *United States v. Hayes*, 948 F.Supp.2d 1009 (N.D. Iowa 2013); and *United States v. Nawanna*, 321 F.Supp.3d 943 (N.D. Iowa 2018). ECF 2181 at 2. The government counters that the PSR correctly applied the Guidelines in calculating Mr. Zamora's base offense level; that a policy disagreement about the weight that should be afforded to the Guidelines

calculation is distinct from an argument that the PSR, applying the Guidelines, miscalculated Mr. Zamora's base offense level; and that the appropriate time for the former type of argument is step two of the two-step sentencing process, when the Court considers whether to vary from the Guidelines.  ECF 2190 at 3-4; 18 U.S.C. § 3553(a)(4).

The Court finds that the PSR correctly calculated the Guidelines range and that Mr. Zamora's policy objection is not relevant to the calculation step of determining his sentence.  USSG § 1A ("the [Guidelines'] application instructions. . . are structured to reflect this two-step process whereby the sentencing court must first correctly calculate the applicable guideline range as the 'starting point and initial benchmark' and then must determine an appropriate sentence upon consideration of all the factors set forth by Congress in 18 U.S.C.  § 3553(a). *See Gall v. United States*, 552 U.S. 38, 49-51 (2007).").  The Court may only consider policy arguments like those advanced by Mr. Zamora as part of the second step of sentencing.  The Court therefore overrules Mr. Zamora's motion, construes his arguments as a request for a downward variance on the same grounds, and reserves judgment on the merits of that request until sentencing.

## II.    Mr. Zamora's objection to the two-level enhancement for the use of violence in connection with the offense.

The PSR applied a two-level enhancement to Mr. Zamora's sentence based on "the defendant us[ing] violence in connection with this offense, in that, at the direction of a co-conspirator, he shot an individual during a drive-by shooting on January 8, 2023."  ECF 2158 at 12; USSG § 2D1.1(b)(2).  Mr. Zamora argues that the enhancement should not apply because "there has not been any dispositive official finding that he was involved in [this] drive by shooting. . . and that those allegations are unsubstantiated, unfounded and should not form the basis of a two-level

adjustment." ECF 2181 at 3. The government disagrees, arguing that it has proven by a preponderance of the evidence that Mr. Zamora committed the violence alleged.

The government has met its burden of proof demonstrating that the sentencing enhancement applies. As the government states, it must show an enhancement applies by a preponderance of the evidence. *United States v. Napolitan*, 762 F.3d 297, 309 (3d Cir. 2014). The government's proffered evidence[1] meets this standard. Thus, the two-level enhancement applied in the PSR is appropriate, and Mr. Zamora's objection is overruled.

DATED this 21st day of January, 2026.

BY THE COURT:

/s/ *J. Nicholas Ranjan*
United States District Judge

---

[1] The government's key evidence included: the intercepted phone call where Mr. Zamora and a co-conspirator discuss Mr. Zamora's shooting of an individual in furtherance of the conspiracy; the Phoenix Police Department's records showing the shooting of an individual who was driving a Mercedes Benz on January 8, 2023, with .40-caliber and 7.62x39mm shell casings recovered from the scene; and the January 11, 2023, search of Mr. Zamora's residence, which resulted in the seizure of two weapons that produced shell casings matching those recovered by the Phoenix Police Department.